# EXHIBIT E
# TO
# JOHNSON DECLARATION

*Date: Tuesday, May 1st 2018, 06:11:45 AM -07:00 PDT*
*Subject: Notice to Remove Arrest Record Information for Henry Richard Idar*
*From: Easy Expunctions <do-not-reply@recordslayer.com>*
*To: Instant Checkmate� <support@instantcheckmate.com>*

Hello,

This is a notification regarding the arrest records of Henry Richard Idar. Upon receiving this notification, you are required by State law to delete the information pertaining to the charges discussed in the enclosed documents.

Please see the attached documents regarding the NonDisclosure for Henry Richard Idar.

If your organization does not possess information regarding the person named in this communication, please ignore this notice.

Easy Expunctions on behalf of Henry Richard Idar

Questions, concerns, and responses may be directed to partners@easyexpunctions.com.

You have received this email because your organization was identified as one that provides background check services and/or maintains a database that potentially includes information related to an individual's criminal history. If your organization does not maintain a database that includes criminal history information and/or you do not provide background check services, you may opt out of receiving these emails by clicking unsubscribe.



SENT VIA E-MAIL

Re: **CERTIFIED FILEMARKED NonDisclosure (Bexar COUNTY, TX) Henry Richard Idar DOB: 08/29/1978**

Dear Sir or Madam:

On the 17 day of April, 2018, a Bexar County Judge signed the attached certified, file-marked **ORDER** to Seal the arrest record of **Henry Richard Idar**, DOB **08/29/1978**.

According to the Texas Government Code §§411.0851, upon receiving notice of a non-disclosure, private companies are required to destroy all information related to a sealed record and may be potentially liable for any damages resulting from possession or dissemination of information related to a sealed criminal record.

Please take the appropriate action to purge your databases of any and all references to the arrest(s) referenced on the subsequent page(s) and belonging to the petitioner referenced below:

| | |
|---|---|
| **Petitioner:** | Henry Richard Idar |
| **Date of Birth:** | 08/29/1978 |
| **Petitioner's Sex:** | M |
| **Charge:** | THEFT PROP>=$50 < $500 |
| **Date of Offense:** | 01/22/1999 |
| **Date of Arrest:** | 04/22/1999 |
| **Original Case Cause #:** | 720825 |

I thank you in advance for your prompt attention to this matter.

Sincerely,
Easy Expunctions on behalf of Henry Richard Idar

600 Navarro St.
San Antonio, TX 78205
210.816.6655
easyexpunctions.com

Cause No.: 720825

| | | |
|---|---|---|
| In the Matter of | § | In the County Court at Law No. 4 of |
| | § | |
| Henry Richard Idar III | | |
| a/k/a Henry Richard Idar | § | Bexar County, Texas |

### ORDER OF NONDISCLOSURE UNDER § 411.0725

On this the __17__ day of __April__, 20__18__, the Court considered Petitioner's Petition for Order of Nondisclosure related to the following offense:

**Cause Number:** 720825
**Offense:** THEFT PROP>=$50 < $500
**Date of Offense:** 01/22/1999
**Date of Arrest:** On or about 04/22/1999
**Arresting Agency:** Bexar County Sheriff's Office
**County:** Bexar
**TRN:** 9023289617

The State was given notice of the Petition and an opportunity to request a hearing.

The State:

☐ requested a hearing.

☑ did not request a hearing.

The Court:

☐ conducted a hearing on _____.

☑ did not conduct a hearing.

After consideration and a hearing, if a hearing was held as indicated above, the Court **FINDS** that Petitioner is entitled to file a Petition for an Order of Nondisclosure under the section of the Government Code indicated below and that issuance of an Order of Nondisclosure is in the best interest of justice.

☐ Texas Government Code § 411.0725

☐ Texas Government Code § 411.073

☐ Texas Government Code § 411.0735

1

Accordingly, **IT IS HEREBY ORDERED** that criminal justice agencies are prohibited from disclosing to the public criminal history record information related to the offense detailed herein.

**IT IS FURTHER ORDERED** that the criminal history record information pertaining to the arrest and prosecution of Petitioner for the offense detailed herein, as reflected in the above-referenced criminal cause number, shall be sealed and disclosed only to individuals or agencies listed in § 411.076(a), Government Code.

**IT IS FURTHER ORDERED** that no later than the 15th business day after the date this Order is issued, the Clerk of the Court (hereinafter "Clerk") shall send all relevant criminal history record information contained in this Order or a copy of this Order to the Crime Records Service of the Texas Department of Public Safety (hereinafter "DPS") by certified mail (return receipt requested) or secure electronic mail, electronic transmission, or facsimile transmission, in accordance with § 411.075(a), Government Code.

**IT IS FURTHER ORDERED** that not later than 10 business days after receipt of relevant criminal history record information contained in this Order or a copy of this Order from the Clerk, DPS shall seal the criminal history record information that is the subject of this Order and forward the information or a copy of the Order to the state and federal agencies listed in § 411.075(b), Government Code, by certified mail (return receipt requested), secure electronic mail, electronic transmission, or facsimile transmission, in accordance with § 411.075(b), Government Code.

**IT IS FURTHER ORDERED** that an agency or entity shall seal any criminal history record information maintained by that agency or entity that is the subject of this Order no later than 30 business days after the date that the agency or entity received relevant criminal history record information contained in this Order or a copy of this Order from DPS or a Clerk, in accordance with § 411.075(d), Government Code.

**IT IS FURTHER ORDERED** that the Clerk shall seal all Court records containing information that is the subject of this Order as soon as practicable after the date that the Clerk sends a copy of this Order or all relevant criminal history record information contained in this Order to DPS, in accordance with § 411.076(b), Government Code.

*Date: Tuesday, May 1st 2018, 06:12:07 AM -07:00 PDT*
*Subject: Notice to Remove Arrest Record Information for Henry Richard Idar*
*From: Easy Expunctions <do-not-reply@recordslayer.com>*
*To: Instant Checkmate� <support@instantcheckmate.com>*

Hello,

This is a notification regarding the arrest records of Henry Richard Idar. Upon receiving this notification, you are required by State law to delete the information pertaining to the charges discussed in the enclosed documents.

Please see the attached documents regarding the NonDisclosure for Henry Richard Idar.

If your organization does not possess information regarding the person named in this communication, please ignore this notice.

Easy Expunctions on behalf of Henry Richard Idar

Questions, concerns, and responses may be directed to [partners@easyexpunctions.com](mailto:partners@easyexpunctions.com).

You have received this email because your organization was identified as one that provides background check services and/or maintains a database that potentially includes information related to an individual's criminal history. If your organization does not maintain a database that includes criminal history information and/or you do not provide background check services, you may opt out of receiving these emails by clicking unsubscribe.



Re:   **CERTIFIED FILEMARKED NonDisclosure (Bexar COUNTY, TX) Henry Richard Idar DOB: 08/29/1978**

Dear Sir or Madam:

On the 19 day of April, 2018, a Bexar County Judge signed the attached certified, file-marked **ORDER** to Seal the arrest record of **Henry Richard Idar**, DOB **08/29/1978**.

According to the Texas Government Code §§411.0851, upon receiving notice of a non-disclosure, private companies are required to destroy all information related to a sealed record and may be potentially liable for any damages resulting from possession or dissemination of information related to a sealed criminal record.

Please take the appropriate action to purge your databases of any and all references to the arrest(s) referenced on the subsequent page(s) and belonging to the petitioner referenced below:

| | |
|---|---|
| **Petitioner:** | Henry Richard Idar |
| **Date of Birth:** | 08/29/1978 |
| **Petitioner's Sex:** | M |
| **Charge:** | ALCOHOL - MAKE AVAILABLE MINOR |
| **Date of Offense:** | 03/05/1999 |
| **Date of Arrest:** | 03/05/1999 |
| **Original Case Cause #:** | 719910 |

I thank you in advance for your prompt attention to this matter.

Sincerely,
Easy Expunctions on behalf of Henry Richard Idar

600 Navarro St.
San Antonio, TX 78205
210.816.6655
easyexpunctions.com

Cause No.: 719910

FILED IN MY OFFICE
GERARD RICKHOFF
COUNTY CLERK

In the Matter of § In the County Court at Law No. 4 of

§ 2018 APR 19 P 3: 54

**Henry Richard Idar III**

a/k/a Henry Richard Idar § Bexar County, Texas

## ORDER OF NONDISCLOSURE UNDER § 411.0725

On this the ___19___ day of ___April___, 20_16_, the Court considered Petitioner's Petition for Order of Nondisclosure related to the following offense:

| | |
|---|---|
| **Cause Number:** | 719910 |
| **Offense:** | ALCOHOL - MAKE AVAILABLE MINOR |
| **Date of Offense:** | 03/05/1999 |
| **Date of Arrest:** | On or about 03/05/1999 |
| **Arresting Agency:** | Bexar County Sheriff's Office |
| **County:** | Bexar |
| **Bexar County SID:** | 718340 |

The State was given notice of the Petition and an opportunity to request a hearing.

The State:

☐ requested a hearing.

☒ did not request a hearing.

The Court:

☐ conducted a hearing on _____.

☒ did not conduct a hearing.

After consideration and a hearing, if a hearing was held as indicated above, the Court **FINDS** that Petitioner is entitled to file a Petition for an Order of Nondisclosure under the section of the Government Code indicated below and that issuance of an Order of Nondisclosure is in the best interest of justice.

☐ Texas Government Code § 411.0725

☐ Texas Government Code § 411.073

☐ Texas Government Code § 411.0735

1

Accordingly, **IT IS HEREBY ORDERED** that criminal justice agencies are prohibited from disclosing to the public criminal history record information related to the offense detailed herein.

**IT IS FURTHER ORDERED** that the criminal history record information pertaining to the arrest and prosecution of Petitioner for the offense detailed herein, as reflected in the above-referenced criminal cause number, shall be sealed and disclosed only to individuals or agencies listed in § 411.076(a), Government Code.

**IT IS FURTHER ORDERED** that no later than the 15th business day after the date this Order is issued, the Clerk of the Court (hereinafter "Clerk") shall send all relevant criminal history record information contained in this Order or a copy of this Order to the Crime Records Service of the Texas Department of Public Safety (hereinafter "DPS") by certified mail (return receipt requested) or secure electronic mail, electronic transmission, or facsimile transmission, in accordance with § 411.075(a), Government Code.

**IT IS FURTHER ORDERED** that not later than 10 business days after receipt of relevant criminal history record information contained in this Order or a copy of this Order from the Clerk, DPS shall seal the criminal history record information that is the subject of this Order and forward the information or a copy of the Order to the state and federal agencies listed in § 411.075(b), Government Code, by certified mail (return receipt requested), secure electronic mail, electronic transmission, or facsimile transmission, in accordance with § 411.075(b), Government Code.

**IT IS FURTHER ORDERED** that an agency or entity shall seal any criminal history record information maintained by that agency or entity that is the subject of this Order no later than 30 business days after the date that the agency or entity received relevant criminal history record information contained in this Order or a copy of this Order from DPS or a Clerk, in accordance with § 411.075(d), Government Code.

**IT IS FURTHER ORDERED** that the Clerk shall seal all Court records containing information that is the subject of this Order as soon as practicable after the date that the Clerk sends a copy of this Order or all relevant criminal history record information contained in this Order to DPS, in accordance with § 411.076(b), Government Code.

*Date: Sunday, April 1st 2018, 03:12:19 PM -07:00 PDT*
*Subject: Notice to Remove Arrest Record Information for Henry Richard Idar*
*From: Easy Expunctions <do-not-reply@recordslayer.com>*
*To: Instant Checkmate� <support@instantcheckmate.com>*

Hello,

This is a notification regarding the arrest records of Henry Richard Idar. Upon receiving this notification, you are required by State law to delete the information pertaining to the charges discussed in the enclosed documents.

Please see the attached documents regarding the NonDisclosure for Henry Richard Idar.

If your organization does not possess information regarding the person named in this communication, please ignore this notice.

Easy Expunctions on behalf of Henry Richard Idar

Questions, concerns, and responses may be directed to partners@easyexpunctions.com.

You have received this email because your organization was identified as one that provides background check services and/or maintains a database that potentially includes information related to an individual's criminal history. If your organization does not maintain a database that includes criminal history information and/or you do not provide background check services, you may opt out of receiving these emails by clicking unsubscribe.



**SENT VIA E-MAIL**

Re:  **CERTIFIED FILEMARKED NonDisclosure (Bexar COUNTY, TX) Henry Richard Idar DOB: 08/29/1978**

Dear Sir or Madam:

On the 23 day of March, 2018, a Bexar County Judge signed the attached certified, file-marked **ORDER** to Seal the arrest record of **Henry Richard Idar**, DOB **08/29/1978**.

According to the Texas Government Code §§411.0851, upon receiving notice of a non-disclosure, private companies are required to destroy all information related to a sealed record and may be potentially liable for any damages resulting from possession or dissemination of information related to a sealed criminal record.

Please take the appropriate action to purge your databases of any and all references to the arrest(s) referenced on the subsequent page(s) and belonging to the petitioner referenced below:

| | |
|---|---|
| **Petitioner:** | Henry Richard Idar |
| **Date of Birth:** | 08/29/1978 |
| **Petitioner's Sex:** | M |
| **Charge:** | POSS CS PG 1 < 1G |
| **Date of Offense:** | 03/05/1999 |
| **Date of Arrest:** | 03/05/1999 |
| **Original Case Cause #:** | 2000CR0480 |

I thank you in advance for your prompt attention to this matter.

Sincerely,
Easy Expunctions on behalf of Henry Richard Idar

600 Navarro St.
San Antonio, TX 78205
210.816.6655
easyexpunctions.com



**FEE PAID**

Cause No.: 2000CR0480

| | | |
|---|---|---|
| In the Matter of | § | In the 379th District Court of |
| | § | |
| Henry Richard Idar III | § | Bexar County, Texas |

<u>PETITION FOR ORDER OF NONDISCLOSURE UNDER § 411.0725</u>

    Henry Richard Idar III (hereinafter "Petitioner") respectfully petitions this Court for an Order of Nondisclosure under § 411.0725, Government Code, for the offense detailed in the following paragraph.

    **1. <u>The Underlying Order and Order of Dismissal and Discharge</u>**

    Petitioner was convicted of the offense of **POSS CS PG 1 < 1G**, a **Felony** in Criminal Cause No. **2000CR0480** in this Court.

    Petitioner was placed on deferred adjudication community supervision (hereinafter "deferred adjudication") under Article 42A.101, Code of Criminal Procedure (formerly § 5, Art. 42.12). The term of Petitioner's deferred adjudication began on **3/09/2001** and ended on **1/14/2002**.

    The Court did not proceed to an adjudication of guilt. Instead, the Court discharged and dismissed the proceedings against Petitioner. The discharge and dismissal occurred on **1/14/2002**. A copy of the Court's Order Dismissing Deferred Adjudication is attached to this Petition.

    **2. <u>Petitioner Satisfies the Requirements of § 411.0725, Government Code</u>**

    Petitioner satisfies the requirements of § 411.0725, Government Code, in that Petitioner **is not eligible** for an automatic Order of Nondisclosure under § 411.072 because:

    ☐    A. The misdemeanor offense for which the Order of Nondisclosure is requested falls under one of the following chapters of the Penal Code:

- 20 (kidnapping, unlawful restraint, smuggling of persons), 21 (sexual offenses), 22 (assaultive offenses), 25 (offenses against the family), 42

1

(disorderly conduct and related offenses), 43 (public indecency offenses), 46 (weapons offenses), or 71 (organized crime offenses).

- [ ] B. The Court found that it is not in the best interest of justice that Petitioner receive an automatic Order of Nondisclosure under § 411.072 and filed a statement of that finding with the papers of Petitioner's case.
- [x] C. The offense for which the Order of Nondisclosure is requested is a felony.
- [x] D. Petitioner has been previously convicted of or placed on deferred adjudication for an offense other than a traffic offense punishable by fine only.
- [x] E. Petitioner received a discharge and dismissal prior to September 1, 2017.

Petitioner also satisfies the requirements of § 411.0725 in that Petitioner has received a discharge and dismissal for the offense for which the Order of Nondisclosure is requested.

Finally, Petitioner satisfies the requirements of § 411.0725 in that Petitioner has waited the requisite time, as indicated below, before filing this Petition.

- [x] On or after the fifth anniversary of the discharge and dismissal if Petitioner's offense is a felony
- [ ] On or after the second anniversary of the discharge and dismissal (if Petitioner's offense is a misdemeanor under Chapter 20, 21, 22, 25, 42, 43, or 46 of the Penal Code)
- [ ] On or after the discharge and dismissal (if Petitioner's offense is a misdemeanor other than a misdemeanor under Chapter 20, 21, 22, 25, 42, 43, or 46 of the Penal Code

### 3. Petitioner Satisfies the Requirements of § 411.074, Government Code

Petitioner satisfies the requirements of § 411.074 of the Government Code because:

- During the period after the Court placed Petitioner on deferred adjudication, and during any applicable waiting period following the discharge and dismissal (see Section 2 above), Petitioner was not convicted of or placed on deferred adjudication for any offense other than a traffic offense punishable by fine only;

2

- Petitioner was not and has not ever been convicted of or placed on deferred adjudication for any of the offenses listed below:
  - A. an offense requiring registration as a sex offender under Chapter 62, Code of Criminal Procedure;
  - B. an offense under § 20.04, Texas Penal Code (aggravated kidnapping);
  - C. an offense under any of the following Texas Penal Code Sections:
    - 19.02 (murder); 19.03 (capital murder); 20A.02 (trafficking of persons); 20A.03 (continuous trafficking of persons); 22.04 (injury to a child, elderly individual, or disabled individual); 22.041 (abandoning or endangering a child); 25.07 (violation of court orders or conditions of bond in a family violence, sexual assault or abuse, stalking, or trafficking case); 25.072 (repeated violation of certain court orders or conditions of bond in family violence, sexual assault or abuse, stalking, or trafficking case); 42.072 (stalking); or
  - D. any other offense involving family violence, as defined by § 71.004, Family Code; and
- The Court has not made an affirmative finding that the offense for which the Order of Nondisclosure is requested involved family violence, as defined by § 71.004, Family Code.

### 4. Petitioner is Entitled to File a Petition for an Order of Nondisclosure Under § 411.0725, Government Code

A person is entitled to file a Petition for an Order of Nondisclosure under § 411.0725, Government Code, if the person:

- was placed on deferred adjudication for a qualifying misdemeanor or felony offense;
- is not eligible to receive an Order of Nondisclosure under § 411.072, Government Code;
- has received a discharge and dismissal from the Court;

3

- has waited the requisite time before filing a Petition for an Order of Nondisclosure; and
- has met the requirements of § 411.074 of the Government Code.

### 5. Issuance of an Order of Nondisclosure is in the Best Interest of Justice

The issuance of an Order of Nondisclosure in this case would be in the best interest of justice. Petitioner has never been arrested and convicted of any other criminal offense since this offense that is the subject of this Petition which occurred over 18 years ago.

### 6. The Fee to File the Petition has been Paid or Otherwise Satisfied

The fee to file this Petition is the total amount of the fee required to file a civil Petition plus an additional $28.00, or Petitioner may submit a *Statement of Inability to Afford Payment of Court Costs* in lieu of paying the filing fee. Petitioner has included:

- ■ the required filing fee.
- ☐ a *Statement of Inability to Afford Payment of Court Costs* in lieu of the required filing fee.

### 7. Prayer for Relief

Petitioner respectfully prays that the Court grant Petitioner's request for an Order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the offense specified in this Petition.

Respectfully submitted,

*Henry R. Idar III*

Henry Richard Idar III
682 Rattler Bluff
San Antonio, TX 78251
(210) 487-9121 -
henryidar@gmail.com -

**PRO SE PETITIONER**

4

Cause No.: 2000CR0480

| | | |
|---|---|---|
| In the Matter of | § | In the 379th District Court of |
| | § | |
| Henry Richard Idar III | § | Bexar County, Texas |

### ORDER OF NONDISCLOSURE UNDER § 411.0725

On this the 23rd day of March, 20 18, the Court considered Petitioner's Petition for Order of Nondisclosure related to the following offense:

| | |
|---|---|
| Cause Number: | 2000CR0480 |
| Offense: | POSS CS PG 1 <1G |
| Date of Offense: | 03/05/1999 |
| Date of Arrest: | On or about 08/03/2000 |
| Arresting Agency: | Bexar County Sheriff's Office |
| County: | Bexar |
| TRN: | 9023245784 |

The State was given notice of the Petition and an opportunity to request a hearing.

The State:

☐ requested a hearing.
☑ did not request a hearing.

The Court:

☐ conducted a hearing on _____
☑ did not conduct a hearing.

After consideration and a hearing, if a hearing was held as indicated above, the Court **FINDS** that Petitioner is entitled to file a Petition for an Order of Nondisclosure under the section of the Government Code indicated below and that issuance of an Order of Nondisclosure is in the best interest of justice.

☑ Texas Government Code § 411.0725
☐ Texas Government Code § 411.073
☐ Texas Government Code § 411.0735

1

Accordingly, **IT IS HEREBY ORDERED** that criminal justice agencies are prohibited from disclosing to the public criminal history record information related to the offense detailed herein.

**IT IS FURTHER ORDERED** that the criminal history record information pertaining to the arrest and prosecution of Petitioner for the offense detailed herein, as reflected in the above-referenced criminal cause number, shall be sealed and disclosed only to individuals or agencies listed in § 411.076(a), Government Code.

**IT IS FURTHER ORDERED** that no later than the 15th business day after the date this Order is issued, the Clerk of the Court (hereinafter "Clerk") shall send all relevant criminal history record information contained in this Order or a copy of this Order to the Crime Records Service of the Texas Department of Public Safety (hereinafter "DPS") by certified mail (return receipt requested) or secure electronic mail, electronic transmission, or facsimile transmission, in accordance with § 411.075(a), Government Code.

**IT IS FURTHER ORDERED** that not later than 10 business days after receipt of relevant criminal history record information contained in this Order or a copy of this Order from the Clerk, DPS shall seal the criminal history record information that is the subject of this Order and forward the information or a copy of the Order to the state and federal agencies listed in § 411.075(b), Government Code, by certified mail (return receipt requested), secure electronic mail, electronic transmission, or facsimile transmission, in accordance with § 411.075(b), Government Code.

**IT IS FURTHER ORDERED** that an agency or entity shall seal any criminal history record information maintained by that agency or entity that is the subject of this Order no later than 30 business days after the date that the agency or entity received relevant criminal history record information contained in this Order or a copy of this Order from DPS or a Clerk, in accordance with § 411.075(d), Government Code.

**IT IS FURTHER ORDERED** that the Clerk shall seal all Court records containing information that is the subject of this Order as soon as practicable after the date that the Clerk sends a copy of this Order or all relevant criminal history record information contained in this Order to DPS, in accordance with § 411.076(b), Government Code.

2